UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA FAYE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | ) Case No.: 1:13-cv-01493 - JLT<br>)<br>) ORDER DIRECTING ENTRY OF JUDGMENT IN<br>) FAVOR OF DEFENDANT, CAROLYN COLVIN,<br>) ACTING COMMISSIONER OF SOCIAL<br>) SECURITY, AND AGAINST PLAINTIFF<br>) GLENDA FAYE JACKSON<br>)<br>) (Doc. 1)<br>)<br>) |

Glenda Faye Jackson ("Plaintiff") asserts she is entitled to benefits under Titles II and XVI of the Social Security Act. Plaintiff argues the decision of the administrative law judge ("ALJ") should not be upheld, because he failed to comply with HALLEX by not proffering the vocational expert's evidence to Plaintiff, and not permitting her an opportunity to cross-examine the expert. For the reasons set forth below, the administrative decision is **AFFIRMED**.

I.   **Procedural History**

Plaintiff filed applications disability insurance benefits and supplemental security income on January 5, 2010, alleging disability beginning May 1, 2008. (Doc. 9-3 at 34.) The Social Security Administration denied her claims initially and upon reconsideration. (*Id.*) After requesting a hearing, Plaintiff testified at a hearing before an ALJ on September 13, 2011. (*Id.*) The ALJ held the record open for a week after the hearing "for the submission of missing records." (*Id.*) After receiving the

1

records, the ALJ submitted the evidence to Dr. Morse with interrogatories.  Dr. Morse responded to the interrogatories on December 14, 2011.  (Doc. 9-13 at 55-63.)  The ALJ proffered the responses to Plaintiff's representative on December 23, 2011.  (*See* Doc. 9-7 at 108.)

On January 3, 2012, Plaintiff's representative faxed a "release for medical records" from a physician, and sent the ALJ a letter requesting additional time to obtain the records.  (Doc. 9-7 at 99-100.)  The ALJ denied the request on January 5, 2012, explaining that the record had been held open after the hearing for Plaintiff "to obtain and submit any missing records," which were then submitted to Dr. Morse.  (*Id.* at 108.)  The ALJ found re-opening the record would "constitute an unnecessary further delay and expense and [would] also require Dr. Morse to completely repeat his work on the interrogatories because of the added records." (*Id.*)  Further, the ALJ noted that pursuant to 20 C.F.R. 404.1740, a representative must be prompt and assist with requests for information and evidence, and "th[e] late request *almost three months* after the hearing is unacceptable." (*Id.*, emphasis in original.)

On January 5, 2012, the ALJ submitted interrogatories to vocational expert Kenneth Ferra. (Doc. 9-7 at 102- 06.)  The vocational expert submitted his responses to the ALJ on January 26, 2012. (*Id.* at 110-113.)

The ALJ determined Plaintiff was not disabled, and issued an order denying benefits on March 12, 2012.  (Doc. 9-3 at 31-44.)  Plaintiff requested review of the ALJ's decision by the Appeals Council, which considered additional evidence provided by Plaintiff but found no reason to review the ALJ's decision. (*Id.* at 2-3.)  Therefore, the Appeals Council denied Plaintiff's request for review on July 24, 2013, and the ALJ's decision became the decision of the Commissioner of Social Security.

Plaintiff initiated this action by filing a complaint for judicial review of the administrative decision on September 15, 2013.  (Doc. 1.)  Plaintiff filed her opening brief in the action on May 21, 2014.  (Doc. 15.)  The Commissioner filed a brief in opposition on June 16, 2014.  (Doc. 16.)  Plaintiff did not file a reply.

**II.    Standard of Review**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's

1  decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The
2  ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal
3  standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of*
4  *Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

5        Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a
6  reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S.
7  389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole
8  must be considered, because "[t]he court must consider both evidence that supports and evidence that
9  detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

10 **III.  Disability Benefits**

11       To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to
12 engage in substantial gainful activity due to a medically determinable physical or mental impairment
13 that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C.
14 § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

15       physical or mental impairment or impairments are of such severity that he is not only
16       unable to do his previous work, but cannot, considering his age, education, and work
         experience, engage in any other kind of substantial gainful work which exists in the
17       national economy, regardless of whether such work exists in the immediate area in
         which he lives, or whether a specific job vacancy exists for him, or whether he would
18       be hired if he applied for work.

19 42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v.*
20 *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). When a claimant makes a prima facie case of disability,
21 the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial
22 gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

23 **IV.  Parties' arguments on appeal**

24       The sole issue identified raised by Plaintiff on appeal is whether the ALJ made a legal error by
25 not giving Plaintiff an opportunity to cross-examine the vocational expert ("VE"). (*See* Doc. 14 at 4-6.)
26 Plaintiff observes that the ALJ always has a duty to develop the record, and argues that failure to permit
27 cross-examination is a breach of that duty. (*Id.* at 4.) In addition, Plaintiff contends that the failure to
28 permit cross-examination violates the directions given to the ALJ in the Commissioner's *Hearings,*

*Appeals, and Litigation Law Manual* ("HALLEX"). (*Id.*) Plaintiff acknowledges that HALLEX permits the use of interrogatories to obtain VE testimony, but also provides:

> After the VE responds to the initial transmission of interrogatories, a copy of the response will be sent to the claimant and representative and will be included in the record as an Exhibit. The claimant and representative may request that the ALJ allow additional interrogatories be submitted to the VE or that a supplemental hearing be held to question the VE if the answers to the interrogatories are unfavorable to the claimant.

(*Id.*, quoting HALLEX I-2-5-57.) Further, Plaintiff asserts that HALLEX requires an ALJ to "proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence." (*Id.* at 5, citing HALLEX I-2-7-30.)

On the other hand, Defendant argues the ALJ's failure to comply with HALLEX is not a reason for remand, because "any noncompliance with HALLEX does not create a judicially enforceable Remedy." (Doc. 16 at 4.) Defendant notes that the Ninth Circuit has determined that "HALLEX is 'an internal [agency] policy manual … [and] does not impose judicially enforceable duties on either the ALJ or this court.'" (*Id.*, quoting *Lockwood v. Comm'r of Social Security*, 616 F.3d 1068, 1072 (9th Cir. 2010). Further, Defendant notes that the Ninth Circuit held "interrogatories can adequately replace in-court testimony where factual questions such as foundation or expertise are at issue," and whether to permit cross-examination is committed to the ALJ's discretion. (*Id.* at 5, quoting *Solis v. Schweiker*, 719 F.2d 301, 301 (9th Cir. 1983)). Therefore, Defendant argues the Court must uphold the decision that Plaintiff was not disabled. *Id.* at 5-6.

**V.    Discussion and Analysis**

A.    "HALLEX" does not impose a judicially enforceable duty.

Plaintiff asserts that the failure to proffer the VE's responses to interrogatories was a legal error in violation of HALLEX. (Doc. 14 at 4-5.) Notably, the Ninth Circuit has determined that "HALLEX does not impose "judicially enforceable duties." *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). The Ninth Circuit explained it would not "review allegations of noncompliance with the manual" because it "does not have the force and effect of law [and] is not binding on the Commissioner." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000); *see also Lockwood*, 616 F.3d at

4

1072.  Consequently, Plaintiff's argument that the ALJ made *legal* errors warranting remand by failing to discharge duties under HALLEX is unavailing.

  B. <u>Granting an opportunity to cross-examine the VE was within the ALJ's discretion.</u>

  A claimant is entitled "to conduct such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d).  Consequently, the Ninth Circuit has determined a claimant "is not entitled to unlimited cross-examination . . . The ALJ, therefore, has discretion to decide when cross-examination is warranted." *Solis*, 719 F.2d at 301.  Although Plaintiff appears to argue that the ALJ abused his discretion by not permitting cross-examination, there is no evidence in the record that Plaintiff requested cross-examination or further interrogatories from the VE.  This Court has determined that when a claimant does not request an opportunity to cross-examine an expert at the administrative level, "he may not complain in an appeal that he was denied the right of confrontation and cross-examination." *Moon v. Astrue*, 2012 U.S. Dist. LEXIS 86370 at *26 (E.D. Cal. June 21, 2012) (citing *Richardson v. Perales*, 402 U.S. 389, 404-05 (1971)).  Therefore it was within the ALJ's discretion to determine that cross-examination of the VE was not warranted.

  C. <u>The ALJ's duty to develop the record was not triggered by the record.</u>

  The duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2201); *see* 20 C.F.R. § 416.912(e).  Here, there were no conflicts or ambiguities to be resolved, nor did the ALJ find the record was insufficient to make a disability determination. Moreover, the ALJ explored the relevant facts at the hearing by asking Plaintiff about her medical conditions, treatments sought and by whom, daily activities, and her abilities.  (*See* Doc. 9-3 at 62-73.) Consequently, the ALJ's duty to develop the record was not triggered by the medical evidence.  *See Thomas v. Barnhart*, 278 F.3d 947, 978 (9th Cir. 2002) (duty not triggered when the ALJ did not conclude the report was inadequate to make a disability determination); *Mayes*, 267 F.3d at 459-60.

  Finally, a claimant must establish that she suffered prejudice or unfairness in the administrative proceeding to demonstrate that an ALJ's decision should be remanded.  *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985); *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981).  Here, Plaintiff failed to demonstrate that the ALJ failed discharge the duty to fully develop the record and, if any such

failure occurred, that Plaintiff suffered any prejudice or unfairness as a result. *See Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) ("Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.").

**VI.  Conclusion and Order**

Although Plaintiff contends the ALJ should have proffered the VE's responses to interrogatories and permitted cross-examination of the VE, the failure to comply with HALLEX does not create a judicially enforceable duty such that remand is appropriate. *See Moore*, 216 F.3d at 868; *see also Lockwood*, 616 F.3d at 1072. Moreover, not permitting cross-examination was within the ALJ's discretion, particularly where, as here, there is no evidence in the record that Plaintiff requested cross-examination at the administrative level.

Accordingly, **IT IS HEREBY ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Carolyn Colvin, Acting Commissioner of Social Security, and against Plaintiff Glenda Jackson.

IT IS SO ORDERED.

Dated:   **July 26, 2014**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE